**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARK MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-00263-ACL |
| | ) | |
| FT. ZUMWALT SCHOOL DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented Plaintiff Mark Myers' motion to proceed *in forma pauperis*. ECF No. 5. Having reviewed the motion and the financial information submitted in support, the Court will grant the application and waive the filing fee.[1] As Plaintiff is now proceeding in forma pauperis, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

[1] Plaintiff has submitted a prison account statement showing a zero account balance. Accordingly, the Court will waive the filing fee at this time. ECF No. 2.

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On December 3, 2025, a criminal complaint was filed in St. Charles County Circuit Court against Plaintiff charging him with felony trafficking drugs in the second degree and three counts

of felony endangering the welfare of a child – creating a substantial risk in the first degree. *See State v. Myers*, No. 2511-CR03834 (11th Jud. Cir., St. Charles County Court).

According to the probable cause statement filed in Plaintiff's criminal action, Plaintiff, who has prior convictions for statutory rape in the second degree, failure to register as a sex offender, possession of a controlled substance and unlawful possession of drug paraphernalia, was living with his co-defendant Amber Britton with their three children in St. Charles County. The Children's Division initiated an investigation into the couple when one of the children arrived at school with a laceration that required medical care. Myers and Britton failed to respond to the school or seek timely or appropriate treatment. Children's Division requested law enforcement assistance due to concerns about the child's welfare. *See id*.

Law enforcement and the Children's Division appeared to have visited Myers' and Britton's home on a few occasions. The residence was unsanitary, with extreme clutter in the home, strong odors of urine, no bedding on mattresses and large amounts of debris and dirty dishes covering surfaces. The kitchen cabinets and refrigerator were secured with locks that prevented the children from accessing food. *Id*.

During the visits Myers and Britton were evasive, impaired or unresponsive and repeatedly claimed to be unable to complete drug testing after investigators received information that methamphetamine was being used inside the residence. Despite being given opportunities to clean and correct safety hazards, no meaningful improvements were made at the residence. *Id.*

Two of the three children participated in forensic interviews and disclosed that they were regularly locked inside their bedrooms, denied food access and were forced to break the locks on cabinets to eat. The children also reported that they were forced to care for one another and

themselves, including waking each other, preparing food and getting ready for school. Myers and Britton were known to often sleep in and fail to provide supervision. *Id.*

The children also described being subjected to physical discipline, including being struck with belts, paddles and other objects, as well as being grabbed or dragged by the neck. The children stated that their bruises and injuries were concealed, and they were instructed not to disclose what occurred inside the home. They also stated that the windows to their rooms were screwed shut to prevent them from leaving while they were confined. *Id.*

During the execution of a search warrant on December 2, 2025, investigators found locks on all cabinets and the refrigerator. Locks were found on each bedroom door which required fingerprints for access. Boards and screw holes were located near the windows. Belts consistent with those described by the children were located. Large quantities of what appeared to be methamphetamine and smoking paraphernalia were found unsecured in the bedroom and shed on the property. Inside the shed was paperwork containing the names of both Mark Myers and Amber Britton. *Id*. The house was unsanitary, lacked heat and was deemed uninhabitable by St. Charles County Code Enforcement. *Id.*

**The Complaint**

On February 20, 2026, Plaintiff filed the instant action against Ft. Zumwalt School District, St. Charles County Police, and St. Charles County DFS. ECF No. 1. Plaintiff complains that Ft. Zumwalt School District manipulated and groomed his children. *Id*. at 4. He claims the staff made “unfounded claims, such as the kids being dirty, hungry, beaten.” *Id*.

Plaintiff accuses the St. Charles County Police Department of working alongside the school district. *Id*. He claims the police department did not do a proper investigation, and that there was no evidence of abuse. *Id*. Plaintiff also complains that the police did not have a warrant

to search his home. *Id*. He alleges that he did not have access to the shed on the property and thus should not be charged with possession in relation to the substances found in the shed. *Id*.

Finally, Plaintiff also complains that St. Charles County DFS "cooperated with the school district." *Id*. at 5. He reiterates there is no "solid evidence" of abuse. *Id*.

**Discussion**

Based on a careful review and liberal construction of the filings before the Court, the Court will dismiss this action.

Plaintiff's claims against the Ft. Zumwalt School District are subject to dismissal. The District is a state public entity. *See Patterson v. Meramec Valley R-III Sch. Dist.*, 864 S.W.2d 14, 15 (Mo. App. E.D. 1993). Unless a state entity consents to be sued, it is protected by sovereign immunity. Mo. Rev. Stat. § 537.600(1); *see also A.F. v. Hazelwood Sch. Dist.*, 491 S.W. 3d 628, 633 (Mo. App. E.D. 2016). To establish an exception to sovereign immunity, a plaintiff suing a state entity bears the burden of pleading specific facts showing why an exception is applicable. *Hazelwood School District*, 491 S.W.3d at 633. Here, Plaintiff alleges no facts which suggest the District has waived sovereign immunity. Consequently, Plaintiff's complaint fails to state a claim against the Ft. Zumwalt School District.

Similarly, Plaintiff's claims against the St. Charles County Police Department are subject to dismissal. Police departments are not suable entities under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Consequently, Plaintiff's complaint fails to state a claim against the St. Charles County Police Department.

Finally, St. Charles County DFS is a part of the Missouri Department of Social Services, which is a state public entity. Like the school district, DFS is also protected by sovereign immunity, and Plaintiff does not plead any facts that DFS has waived its immunity here. Once

again, Plaintiff's complaint fails to state a claim against DFS. It should be noted, even without sovereign immunity, Plaintiff has alleged nothing more than DFS "cooperated" with a school district that alleged child abuse was occurring. These are not facts which state a claim for which relief can be granted – DFS is expected to cooperate with schools in such circumstances, even if Plaintiff does not believe there is sufficient evidence.

Moreover, the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 44, 49–50 (1971), directed federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding which implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. Plaintiff's criminal case is ongoing and implicates an important state interest – the state's right to enforce its own criminal laws. The ongoing state court proceedings also afford Plaintiff the ability to raise the issues of insufficiency of evidence and unlawful search and seizure. He can litigate these issues and request the evidence be suppressed in state court. Plaintiff offers no reason for why these issues must come to federal court before he argues the issues in state court. Federal courts must abstain from interfering with ongoing state criminal proceedings absent a showing of bad faith, harassment, or other extraordinary circumstances. *Id*. Plaintiff alleges no facts suggesting such circumstances. Thus, even if Plaintiff had stated a claim upon which relief could be granted, the Court would still be required to abstain from any ruling which would interfere with Plaintiff's ongoing state criminal case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to commence this action without prepayment of the required filing fee [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims in this action are **DISMISSED** without prejudice for failure to state a claim.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of September, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE